Good morning, Your Honors. I'm Nicole Leone for the Appellant, Irma Yolanda Veltmann-Barragan. And Ms. Barragan argues today that the expedited removal order issued against her in February 1999 was not valid to terminate her lawful permanent resident status. Ms. Veltmann was a permanent resident at that time. Could I ask you, before you go into that part of your argument, I was concerned about whether we had jurisdiction on this case because whether or not she was in custody seemed to be the key. And so my question is, did the government actually reinstate the removal order? Have they gone through the regulatory process of giving her notice? No, Your Honor, it has not been reinstated. Reinstatement proceedings have not been initiated. So how is it that we have jurisdiction? How is it that she's in custody? Well, Ms. Veltmann argues that... Keep your voice up. Yes. Oh, yes. She is in custody because there are certain limits on her liberty if the expedited removal order is deemed to have, by the government, to have ended her permanent resident status. But it hasn't been reinstated yet, so she's under no order of removal at all right now. Correct. She is in danger of being reinstated, so she does face immediate... So it could be in the future, but it isn't now. So is there any case suggesting that having the potential of it being under an order of removal could put you in custody? What's the best case for that? Well, there are cases that have held that removal proceeding, a person who is subject to an order of removal, is in custody for purposes of habeas jurisdiction. Are you talking about that one case? Yes, the Jones v. Cunningham case. Well, Jones was, isn't that the parole case? Yes, that's a parole. But is there one, there's that one case, Judge Noonan's decision, which said in extreme circumstances... Yes, and that is the extreme circumstances exception. But then Miranda v. Reno, we sort of said only when it's in violation of the immigration judge's order, so we restricted that. So would we have to extend that in order to find your client to be in custody? Well, I believe it's analogous to that case, because in that case they found the in-custody requirement was met because the removal or the deportation was unlawfully executed. Well, that was an extreme case. He showed up with his wife and then they whisked him away and the immigration judge had put in a stay order and violated the stay order. Right, so in violation of the stay order. So there's nothing, there was no stay order here, right? And in fact, your client is still in the country. Yes, that's correct, there is no stay order. However, there is an argument that the removal was executed unlawfully because she was a lawful permanent resident at the time. You indicated that she's under some restriction. She's not under house arrest, is she? No, she's not. She can travel within the United States, can't she? Yes. She can go to New York if she wants to, right? Yes, theoretically she could. So I'm having a hard time finding the kind of restriction that you suggest. It sounds pretty speculative to me. What you're saying is that she, your main concern is that she's potentially removable. She's potentially removable and we're also arguing that in the alternative that an exceptional circumstance does apply. Let's just stay with the potentially removable. That would essentially bracket virtually every illegal alien, somebody who is here without permission, wouldn't it? They're all potentially removable. Potentially, however, since she does have a removal order already on record, her risk is heightened and the potential is heightened for being apprehended. And that heightened status is what you consider to be an exceptional circumstance? No, that would be a possible in custody. That would render her to be in custody for purposes of habeas. However, the alternative argument is that an exceptional circumstance applies because of the unlawfulness of the removal. She wouldn't be in this situation if she had just disclosed her true identity at the time she's arrested, right? Well, things probably would have gone differently. They couldn't have removed her under the expedited process. Right. She would have disclosed her true name and they would have realized or learned that she was a lawful permanent resident alien. Yes. And they would have had her gone through the regular process through an immigration court. That's correct. Yes, because lawful permanent residents. How does that factor, the fact that she didn't disclose her identity, how does that fit into all of these exceptional circumstances? Well, regardless of whether she misrepresented her status or not, the expedited removal proceedings aren't valid to terminate lawful permanent residents. But your claim is that she didn't get her due process rights. That's correct. She could have gotten them if she had disclosed her true identity. That's correct. However, our argument is that the expedited removal process cannot terminate the permanent resident status. And actually, opposing counsel has just brought my attention to an unpublished Board of Immigration Appeals decision decided in 2004, which did hold that expedited removal procedures are not valid to actually terminate lawful permanent resident status because of the lack of the due process protections in the expedited process. And it was the same situation where the respondent had presented himself for inspection, did not reveal his lawful permanent resident status, was later placed in removal proceedings, and the immigration judge granted him cancellation of removal, finding that the expedited removal order had not terminated his lawful permanent resident status, reasoning that the expedited removal process was not designed by Congress to terminate lawful permanent resident status and was only put in place to deal with initial entrants, which, in this case, Ms. Veltman was not an initial entrant. She was a lawful permanent resident. Let me ask you. Even though there's no – if a removal order is ever entered or pursued by the government, would she have the right to a full hearing? Yes, she would have a right to a hearing because – And she could go contest everything in front of an I.J.? Yes, before the immigration judge. Have a right of appeal to the Board of Immigration Appeals and then a petition for review to our court? That is the relief that we're seeking for her is just to have her – so she can have her day in court and go before an immigration judge and let the immigration judge – Well, maybe the government will never decide to remove her. Well, there's that, too, but she's also existing in a limbo, kind of an uncertain status, and so the relief that we're seeking for her is to get that resolved before an immigration judge. And the rationale in the Board of Immigration Appeals unpublished decision in this case, which is – the title is N. Ray Isaias Lopez Rodriguez, is that lawful permanent resident status cannot be terminated under expedited removal proceedings, regardless of whether the entrant misrepresented his status or not, because, quote, those procedures do not serve the policies of the Act in order to remove someone who has a liberty interest of reentering the United States. The Supreme Court has long held that lawful permanent residents do have a liberty interest in resuming their residence in the United States when returning abroad, in contrast to initial entrants who don't have such a liberty interest, and therefore the Due Process Clause does apply to them, and they are entitled to certain due process protections, including, first of all, a hearing on the charges against them, a right to be represented by counsel, and also a right to – So all that was available to her, right? She just had it say that she was a lawful permanent resident. Yes, Your Honor. So it's hard to say she was deprived of due process when she – the due process was all there. The regulation would require them to give her those protections, so it's pretty hard to say she was deprived of anything. I mean, she falsely represented her status and therefore got the process that was due to someone in that status. So it's hard to understand what the due process issue is, even if we could reach the merits. The argument is that in the grand scheme is that she was deprived of due process as a lawful permanent resident. In some theoretical way, you're saying. Well, she's not arguing that she was deprived of the process that is set forth in the expedited removal provisions. She's not arguing that the officers did anything wrong in that regard. However, she is arguing that, overall, those proceedings, the expedited removal proceedings, were not meant to provide the due process that a lawful permanent resident is due. There's no right to counsel. There's no right to hearing. There's – the truncated proceeding is such that no one could figure out in the short amount of time that it took to issue this expedited removal order what was actually going on. She clearly didn't understand what was happening. Yes, she was misrepresenting on a certain level, but she didn't understand the broader implications of what was going on. And similarly, the officer themselves didn't understand either because they didn't have all the information, which is something that wouldn't happen in a more – a fuller proceeding with due process protections. Well, when you say she didn't understand the full implications, you're almost making an argument akin to somebody who pleads guilty and the judge doesn't adequately explain to them the consequences of their guilty plea. But under those circumstances, the judge would know that they were pleading guilty. In this case, she simply asked what her status is and she claims a status indifferent. Are you suggesting they had some obligation to give her essentially some sort of voir dire? No, possibly. I mean, how would they know? I mean, there's thousands of these people that come through every day. And that's the issue, is how in this truncated, this abbreviated procedure, how can all the relevant information really be known to all the parties at that time? She knew she was a lawful resident. And she knew her name was – All I've got to do is say it, I'm going to help you out. She doesn't dispute that. It's not very difficult. We're not disputing that, just that it's not valid to terminate a lawful permanent resident status under those procedures. Would you like to save some time for rebuttal? Yes. Okay. Good morning, Your Honors. I think I did give that unpublished decision to counsel this morning. Did you give it to us? Pardon me, Your Honor? Did you give that decision to us? No, Your Honor. I just found it last night and it's unpublished and I wasn't even sure if it was. The point of my showing it to opposing counsel was I think this is the wrong forum and what they need to do is get the client back in removal proceedings, which can be done through a request with local chief counsel, or reapply for naturalization and make these arguments that weren't made before because she was not represented in the naturalization proceedings. But this is basically seeking an advisory opinion. An administrative process through naturalization. When somebody applies for naturalization and it's denied, is there a whole administrative appeal process? There is an appeal and then, Your Honor, after that, a judicial review, de novo. So she didn't appeal when she was denied naturalization? No, Your Honor. And there's nothing stopped. I think there's a statute of limitations that she has run on appealing that denial. She could apply again, right? Exactly. You know, some legal scholars have argued that the in-custody requirement of habeas has its genesis in the Article III case or controversy requirement. Essentially, if somebody isn't in custody, there's no real case or controversy for the court to adjudicate. I don't know if I agree with that or not, but I'm having a hard time here finding anything other than a speculative problem. Because she hasn't been, they're not moving to, they haven't moved, have they, to deport her? No, they haven't, Your Honor. I don't know why, but they have not. And that's exactly the problem, I think, procedurally and conceptually, is that there's no context for this request. I don't think the petition itself was asking for a stay, but it wasn't clear a stay for what. I mean, there's nothing pending. There's no application pending. So there needs to be context. As Your Honor said, there's no case or controversy. They're looking for an advisory opinion as to her status, you know, whether this expedited removal had the legal effect. Apart from whether there was due process and all that, just did it even have the legal effect of stripping her LPR status? Yes, because normally that's done through an IJ or it's done through a form by the LPR. Then she could kick-start the process, you're suggesting, if she wishes to. Yes, Your Honor, two different ways. One is just requests be put into removal proceedings. I understand there's risk by doing that, but that's why I showed counsel the BIA unpublished decision that there's a shot at it, that it's arguable, or the naturalization proceeding, which is less risky because she's not placing herself heading toward the deportation in the end. So. Any further questions? No, thank you, Your Honor, I appreciate it. Counsel, we appreciate your argument. Thank you. Just to reiterate in terms of the forum, the issue with her being placed in removal proceedings, which certainly she could ask ICE to be placed in removal proceedings. However, the way the Immigration Department of Homeland Security may view it, is that in their eyes she has already a removal order against her that has been executed. And so they may find that the immigration judge wouldn't have jurisdiction at this point to hear her case because she is subject to reinstatement. And that's generally what immigration judges do, terminate removal proceedings where the person has a prior. Well, then conceivably they would do something which she then could appeal, right? Yes. The other concern, however, is that expedited removal orders under the Act can only be challenged in a habeas proceeding. So if she did apply to naturalize an attempt to collaterally attack the removal order, she could very well be told that that's not the proper forum or that the court does not have jurisdiction because it can only be challenged in habeas. And so that's the concerns, and that's the rationale for the habeas petition. But if they did move to reinstate, then she could bring a habeas petition because she's raising one of those three issues, which is that she's an LPR so can't be removed. Yes, if she could bring a... But on the other hand, however, she would be, again, collaterally attacking the underlying removal order. So... Thank you. Yes, thank you.
judges: Ezra, Paez, Ikuta